**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THERESA WILLIAMS<br>144-25 153rd Lane<br>Jamaica, NY 11434 | * | |
| Plaintiff | * | Case Action No.: ____________________ |
| v. | * | |
| GREGORY MASON<br>941 W. Birdie Lane<br>Magnolia, DE 19962 | * | |
| And | * | |
| J. B. HUNT TRANSPORT, INC.<br>615 J B Hunt Corporate Drive<br>Lowell, AR 72745 | * | |
| **SERVE ON:**<br>CSC-Lawyers Incorporating<br>Service Company<br>Resident Agent<br>7 St. Paul Street<br>Suite 820<br>Baltimore, MD 21202 | * | |
| Defendants | * | |

* * * * * * * * * * * * * * *

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff Theresa Williams, by and through her attorneys, Samuel R. Pulver, and the Yost Legal Group, and sues the Defendants, Gregory Mason and J. B. Hunt Transport, Inc., and for cause states as follows:

**FACTS COMMON TO ALL COUNTS**

1. At all times relevant hereto, the Plaintiff, Theresa Williams, was a citizen of the United State of America and resident of Jamaica, New York.

2. At all times relevant hereto, Defendant, J. B. Hunt Transport, Inc. (hereinafter "JB Hunt"), was an Arkansas corporation engaged in the business of trucking, transportation, logistics and freight shipment, with its principal office located in Lowell, Arkansas.

3. At all times relevant hereto, Defendant, Gregory Mason (hereinafter "Mason"), was a citizen of Magnolia, Delaware and acted individually and as the agent and employee of Defendant JB Hunt, within the course and scope of his employment.

4. This Court has jurisdiction over the subject matter of this action, and venue is proper in this Court and all conditions precedent to filing the subject lawsuit have been met.

5. This action arises out of an automobile collision that occurred on September 27, 2022, at approximately 9:48 a.m., at or near the intersection of Bluestar Memorial Highway (Route 301) and Roberts Station Road (Route 19) in Queen Anne's County, Maryland (hereinafter "the Intersection").

6. At the Intersection, vehicular traffic travelling on Route 301 has the right-of-way and there are traffic control devices on Route 19 at the Intersection requiring motor vehicle operators crossing over or turning onto Route 301 from Route 19 to stop at the Intersection and yield the right-of-way to vehicular traffic travelling on Route 301.

7. That at the time of the occurrence, Plaintiff was a passenger in a vehicle operated by Erick Minott that was travelling southbound on Route 301 approaching the Intersection.

8. At that same time and place Defendant Mason was operating a Freightliner tractor trailer, travelling westbound on Route 19, attempting to cross over Route 301 at the Intersection.

9. That as Mr. Minott's vehicle was travelling through the Intersection, Defendant Mason failed to yield the right of way and drove his tractor trailer across southbound Route 301 into Mr. Minott's path of travel, causing a collision between his tractor trailer and Mr. Minott's vehicle.

10. The tractor trailer that Defendant Mason was operating at the time of the incident was owned by Defendant JB Hunt and Defendant Mason was acting as the agent and/or employee of Defendant JB Hunt and was operating the vehicle within the scope of his agency/employment.

**COUNT I – NEGLIGENCE AND *RESPONDEAT SUPERIOR***
**(Defendants Gregory Mason and J. B. Hunt Transport, Inc.)**

11. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

12. Defendant Mason had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public. This duty included keeping a proper lookout for other vehicles on the roadway, keeping a proper lookout in the direction in which he was travelling or attempting to travel, stopping at stop signs and yielding the right of way to other vehicles traveling on the intersecting roadway, keeping his vehicle within the confines of his lane, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

13. As a professional truck driver, Defendant Mason also had a duty to operate his tractor trailer in accordance with the standards required of commercial drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390 – 395; and industry and corporate standards and guidelines that emanate from these safety regulations.

14. That Defendant Mason breached those duties owed and is liable for his negligent acts and omissions, which include, but are not limited to, the following:

a. Failing to keep a lookout for vehicles and traffic on the roadway;

b. Failing to perform a proper visual search;

c. Failing to properly manage his space;

d. Following too closely;

e. Failing to yield the right of way to vehicles travelling on the roadway in which he attempted to enter or turn onto;

f. Failing to drive at a safe and reasonable speed under the conditions;

g. Failing to drive defensively;

h. Performing an unsafe and illegal turn and/or entrance into the Intersection;

i. Operating his motor vehicle while distracted;

j. Operating his motor vehicle while fatigued;

k. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

l. Failing to adhere to the safe driving principles expected of professional drivers;

m. Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

n. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

o. Failing to properly maintain and inspect his vehicle;

p. Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and

q. Other negligent acts.

15. That due to the foregoing breaches of duties and the negligent, reckless and careless conduct of Defendant Mason, a collision occurred between Defendant Mason's tractor trailer and the vehicle in which Plaintiff was a passenger.

16. The above-described acts of Defendant Mason were committed while acting as an agent and/or employee of Defendant JB Hunt in that Defendant Mason was operating the vehicle with Defendant JB Hunt's knowledge, consent, and permission, primarily for the benefit of Defendant JB Hunt, and at all times, Defendant JB Hunt retained direction, supervision, and control over Defendant Mason's operation of the vehicle.

17. That Defendant Mason was otherwise and in other manners acting as the agent and/or employee of Defendant JB Hunt.

18. That above-described acts of Defendant Mason were committed while in the scope of his employment and/or agency and while furthering the personal, corporate, and financial interests of Defendant JB Hunt.

19. Because Defendant Mason was acting as an agent and/or employee of Defendant JB Hunt and in furtherance of its interests, Defendant JB Hunt is responsible for all of the acts committed by Defendant Mason while in the scope of his agency and/or employment, including the collision in this case that caused the Plaintiff's injuries.

20. That as a result of the negligence of Defendant Mason, the Plaintiff has suffered painful and permanent injuries including, but not limited to injuries to her cervical and lumbar

spine resulting in disc bulging and herniation with radiculopathy resulting in permanent pain, discomfort and limitations.

21. Plaintiff has undergone and will in the future be required to undergo extensive medical treatment for her injuries resulting in medical and other related expenses, past, present, and future. Due to the physical, psychological, mental and emotional injuries and impairments sustained by the Plaintiff as a result of Defendant Mason's negligence, the Plaintiff has experienced a loss in income and a loss of earning capacity, both past, present and future. Plaintiff has and will be otherwise hurt, injured and damaged as a direct and proximate result of Defendant Mason's negligence.

22. Plaintiff's injuries and damages, past, present and prospective were, are and will be due to the negligence of Defendant Mason, without any negligence or want of due care on the part of the Plaintiff, directly or indirectly contributing thereto.

WHEREFORE, the Plaintiff, Theresa Williams, demands judgment against Defendants, Gregory Mason and J. B. Hunt Transport, Inc., jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00).

**COUNT II - NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION**
**(Defendant JB Hunt Transportation, Inc.)**

23. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

24. At all relevant times to this action, an employment relationship existed between Defendant Mason and Defendant JB Hunt.

25. Defendant Mason's negligence proximately caused the Plaintiff's injuries.

26. Defendant JB Hunt had a duty not to employ any person who is incompetent or otherwise poses an unreasonable risk to other persons who would foreseeably come into contact with that employee.

27. Defendant JB Hunt had a duty to properly train and supervise their employees and drivers on lawful and safe operation of motor vehicles used in the scope of their employment consistent with the requirements under the Federal Motor Carrier Safety Regulations.

28. Defendant JB Hunt had a duty not to retain any employee who they knew, or in the exercise of reasonable care, should know poses an unreasonable risk to other individuals.

29. Defendant JB Hunt knew or should have known by the exercise of reasonable diligence and reasonable care that Defendant Mason was incompetent and through his operation of a vehicle and past driving, criminal and personal history, posed an unreasonable threat to members of the public such as the Plaintiff.

30. Defendant JB Hunt failed to use proper care in selecting, training, supervising and/or retaining Defendant Mason and that Defendant JB Hunt's breach of this duty was the proximate cause of the Plaintiff's injuries.

WHEREFORE, the Plaintiff, Theresa Williams, demands judgment against Defendant, J. B. Hunt Transport, Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00).

**COUNT III - NEGLIGENT ENTRUSTMENT**
**(Defendant J.B. Hunt Transport, Inc.)**

31. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32. Defendant JB Hunt had a duty not to supply a motor vehicle to any individual whom they knew, or in the exercise of reasonable care should have known, would use the vehicle in a manner that involves an unreasonable risk of harm to that individual or others.

33. That Defendant JB Hunt supplied the motor vehicle that Defendant Mason was operating at the time of the collision.

34. That Defendant Mason had a prior history of operating his motor vehicle in an unsafe and/or dangerous manner.

35. That Defendant JB Hunt was actually or constructively aware of Defendant Mason's dangerous and/or unsafe tendencies.

36. That Defendant Mason, through his prior behavior and conduct had otherwise demonstrated that he posed a risk of harm to himself or others through the use and operation of motor vehicles, commercial or otherwise.

37. That Defendant JB Hunt breached its duty owed to the Plaintiff in supplying Defendant Mason with the commercial vehicle that he was operating on the date of the collision with actual or constructive knowledge that Defendant Mason would operate the vehicle in an unsafe or dangerous manner.

38. That as a result of Defendant JB Hunt's breach of this duty, the subject automobile collision occurred causing the Plaintiff to sustain serious and permanent injury.

WHEREFORE, the Plaintiff, Theresa Williams, demands judgment against Defendant, J. B. Hunt Transport, Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00).

Date: September 15, 2025

Respectfully submitted,

Samuel R. Pulver
(Fed. Bar ID # 21567)
The Yost Legal Group
341 North Calvert Street, Suite 100
Baltimore, MD 21202
Phone: (410) 659-6800
Fax: (410) 727-4556
spulver@yostlaw.com
*Attorneys for Plaintiff*

**PRAYER FOR JURY TRIAL**

The Plaintiff, Theresa Williams, hereby elects a trial by jury.

______________________________
Samuel R. Pulver